UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD THOMPSON, a Nevada resident; KEVIN BATTERSHELL, a California resident, <br><br>           Plaintiffs, <br><br>   v. <br><br>KEVIN LAKE, a Nevada resident; ERIC MARCONATO, a Nevada resident; ANTHONY MARCONATO, a Nevada resident; JAMES ADHUNKO, a Nevada resident; CHRIS ROWE, a Nevada resident; WESLEY KELLER, a Nevada resident; the CITY OF SPARKS, NEVADA, <br><br>           Defendants. | 3:11-cv-00644-LRH-WGC <br><br> ORDER |

Before the court is Defendants' Demand for Security for Costs (#9[1]) pursuant to NRS § 18.130(1). Plaintiff Kevin Battershell filed an opposition (#10), to which Defendants replied (#11).

This is civil rights action under 42 U.S.C. § 1983 and Nevada law. It arises out of an incident on September 8, 2009, on Highway 95 near Fernley, Nevada, in which Plaintiffs Richard Thompson and Kevin Battershell allegedly were nearly run off the road by two vehicles and, after

---

[1] Refers to the court's docket entry number.

they caught up to the vehicles at a stop light and attempted to make contact with one of the drivers, they discovered the vehicles were unmarked police vehicles occupied by six Sparks police officers dressed in plain clothes who pulled guns on them. Battershell was cited by a Lyon County Sheriff's deputy for assault upon the driver, but the charges were later dropped. Thompson and Battershell then filed this action on September 2, 2011. In their First Amended Complaint (#5), filed on December 5, 2011, they allege causes of action for (1) violations of their constitutional rights under § 1983, (2) assault, (3) battery, (4) false imprisonment, (5) malicious prosecution, (6) respondeat superior liability against the City of Sparks.

On January 3, 2012, Defendants filed the instant demand for security for costs pursuant to NRS § 18.130(1), which provides in pertinent part: "When a plaintiff in an action resides out of the State, . . . security for costs and charges which may be awarded against such plaintiff [not to exceed $500] may be required by the defendant, by the filing and service on plaintiff of a written demand therefor within the time limited for answering the complaint. When so required, all proceedings in the action shall be stayed" until such security is given. Relying principally on *Truck Ins. Exch. v. Tetzlaff*, 683 F. Supp. 223, 227 (D. Nev. 1988), Defendants accordingly demand that Plaintiff Battershell, who is a resident of California, provide each of the seven named defendants with security for costs in the amount of $500 per defendant, totaling $3,500.

"It has been the policy of the United States District Court for the District of Nevada to enforce the requirements of NRS § 18.130 in diversity actions." *Hamar v. Hyatt Corp.*, 98 F.R.D. 305 (D. Nev. 1983); *accord Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994). However, "[w]hen suit is brought under a federal statute, state provisions requiring security for costs or expenses clearly are inapplicable." Wright, Miller, Kane & Marcus, *Federal Practice and Procedure* § 2671 (3d ed.) (footnotes omitted). Instead, the court may apply its own rules or state practice to require security for costs as a discretionary matter, taking into account the policy of the underlying federal statute, the defendant's ability to recover costs from an out-of-state

1  plaintiff if the defendant prevails, the plaintiff's solvency, and any other pertinent factors.  *Id.*

2        This is not a diversity action.  Instead, it arises under this court's original jurisdiction over
3  § 1983 actions and supplemental jurisdiction over Plaintiffs' pendent state law claims.
4  Furthermore, this court has not adopted a rule or practice relating to security for costs in federal
5  question actions.  Whether to require security for costs therefore remains within the court's sound
6  discretion.

7        Here, the court finds that it would be contrary to the strong public policies underlying the
8  federal civil rights laws to automatically require security for costs under NRS § 18.130, even where
9  as here the action includes pendent state law claims.  Furthermore, Defendants have made no
10 attempt to present grounds for requiring security for costs on the facts of this case.  Instead, they
11 merely argue that, as a matter of law, the court's practice of applying NRS § 18.130 in diversity
12 actions also governs federal question cases involving pendent state law claims.  The court rejects
13 this argument and, in the absence of any factual showing to justify requiring security for costs in
14 this case, the court will deny Defendants' demand.

15       IT IS THEREFORE ORDERED that Defendants' Demand for Security for Costs (#9) is
16 DENIED.

17       IT IS SO ORDERED.
18       DATED this 15th day of February, 2012.

                                                      _____
                                                      LARRY R. HICKS
                                                      UNITED STATES DISTRICT JUDGE